Judge Ryland
delivered the opinion of the court.
This is an action of debt brought by Lovel Knighton against John Tufli on the following instrument of writing:
“Know all men by these presents, that I, John Tufli, have this day given Ammon Knighton a mortgage on the undivided half of a saw mill on Fouch and Renault creek, and do by these presents, grant and transfer to said Knighton all my right, title, interest and claim in and to said Mill, and all the tract of land belonging to said mill place, formerly the property of Knighton and Lyon. This lien is given fpr the purpose of securing payment of the sum of three hundred and twenty-seven dollars and fifty cents, which payment is to be made in plank or lumber made at said mill, to be due one thousand feet each, wee^:, said mill can *533 saw. Said debt tobe discharged by plank delivered at said mill, at the rate of twelve and a half cents for each quarter of an inch thick for .any kind of plank. Witness my hand, this 6th day of Sept. 1842.
JOHN TUFLI.”
“I do assign the within bond to Lovel Knighton for value received of him, as witness my hand, January 6th, 1843.
A. KNIGHTON.”
The defendant craved oyer and demurrer to the plaintiff’s declaration, setting out the instrument sued on as above.
The court sustained the defendant’s demurrer, and gave judgment thereon for him. The plaintiff thereupon fifed the affidavit, and prayed an appeal which was allowed him.
The only points calling for a decision of this court, are 1st. Is this instrument assignable under our statute ? 2d. Will the common law action of debt lie on this instrument ?
On the first point, I am of the opinion that the instrument is such a one as may be assigned under our statute.
On the second point, I am of the opinion that the common law action of debt cannot be maintained on this in this instrument. Sec. 1st, Bibb 356; Watson & McCall vs. McNainy, where the doctrine is fully examined. See also 3rd Missouri Reports, 16 Snell vs. Kerby.
Let the judgment be affirmed.